1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   PETER H. KLEE, Cal. Bar No. 111707
3  501 West Broadway, 18th Floor
   San Diego, California 92101-3598
4  Telephone:  619.338.6500
   Facsimile:  619.234.3815
5  E mail      pklee@sheppardmullin.com

6  MADALYN A. MACARR, Cal. Bar No. 301539
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7  350 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3460
8  Telephone:  213.620.1780
   Facsimile:  213.620.1398
9  E-mail      mmacarr@sheppardmullin.com

10 Attorneys for Defendant Allstate Northbrook
   Indemnity Company (erroneously sued as
11 Allstate Insurance Company

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15
   MICHAEL FANOUS, an individual,      Case No.  1:24-at-1010
16
        Plaintiffs,
17
   v.                                  **DEFENDANT ALLSTATE
18                                      NORTHBROOK INDEMNITY
   ALLSTATE INSURANCE                  COMPANY'S NOTICE OF
19 COMPANY, and Does 1 through 10,     REMOVAL OF CIVIL ACTION
   inclusive,                          UNDER 28 U.S.C. SECTION 1441
20                                      (DIVERSITY JURISDICTION)**
        Defendants.
21                                      [State Court Complaint Filed:
                                        October 24, 2024]
22

23

24

25

26

27

28

                                  -1-

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF IN *PRO PER*:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. sections 1441(b) and 1446, defendant Allstate Northbrook Indemnity Company (erroneously sued as Allstate Insurance Company) ("Allstate"), hereby removes the state court action described below from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California, and submits the following statement of facts, which entitles it to removal.

## I.   HISTORY OF THE ACTION

1.     On October 24, 2024, Plaintiff Michael Fanous ("Plaintiff") filed a complaint in the Superior Court of California for the County of Kern, entitled *Michael Fanous v. Allstate Insurance Company, et al.*, Case no. BCV-24-103648. ("Macarr Decl. ¶ 2;" **Exhibit A** [Complaint]).  The Complaint alleges four causes of action against Allstate: (1) Breach of Insurance Contract, (2) Breach of Good Faith and Fair Dealing, (3) Intentional Misrepresentation, and (4) Negligent Misrepresentation.

2.     On November 11, 2024, Plaintiff served Allstate with the Complaint. (Macarr Decl. ¶ 3; **Exhibit B** [Service of Process Notification]).

3.     On December 9, 2024, Allstate filed its Answer to Plaintiff's Complaint. (Macarr Decl. ¶ 4; **Exhibit C** [Answer]).

## II.   BASIS FOR REMOVAL

4.     Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Kern.

5.     The United States District Court for the Eastern District of California, embraces Kern County, the county in which this Action is brought.  Therefore, the

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441

1    Court is a proper venue for this Action pursuant to 28 U.S.C. §§ 84(c) and 1441(a).

2         6.    Allstate removes this case under 28 U.S.C. section 1441.  Removal is

3    proper because, as described in more detail below: (1) there is complete diversity

4    between Allstate and Plaintiff; and (2) this matter is a civil action in which the

5    amount in controversy exceeds the sum of $75,000.00, exclusive of costs and

6    interest.

7         **A.    *There Is Complete Diversity Between Allstate and Plaintiff***

8         7.    Plaintiff is, and was at the commencement of the state court action, a

9    citizen of the State of California, as well as of the United States.  (**Exhibit A**

10   **(Complaint)**, ¶ 1).  There is no indication that Plaintiff is or was a citizen of Illinois,

11   the only fact that would destroy diversity of citizenship in this case.

12        8.    Allstate is, and was at the commencement of the state court action, a

13   corporation organized and existing under the laws of the State of Illinois, with its

14   principal place of business in Cook County, Illinois.  Allstate further does not have

15   substantial predominance of its corporate activities in the State of California.  Its

16   corporate "nerve center," where the majority of its executive and administrative

17   functions performed, is in Northbrook, Illinois.  Thus, Allstate is, and was at the

18   commencement of the state court action and at the time of removal, a resident and

19   citizen of the state of Illinois, as well as of the United States.  Attached as **Exhibit D**

20   to the Declaration of Madalyn Macarr in Support of Allstate's Notice of Removal is

21   a Certificate of Good Standing for The Allstate Corporation, the parent of Allstate

22   Northbrook Indemnity Company, both of which are residents and citizens of Illinois.

23   (Macarr Decl. ¶ 5).

24        9.    Plaintiff's naming of 10 fictitious "Doe" defendants without identifying

25   their residence has no effect of the diversity analysis in this case.  *See* 28 U.S.C.

26   section 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of

27   defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins.*

28   *Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that

"Doe" defendants "shall be disregarded for jurisdictional purposes") (citing Section 1441(a)).

**B.**    ***The Amount in Controversy Requirement is Met***

10.    Plaintiff alleges that he suffered damages as a result of Allstate's handling of his insurance claim for underinsured motorist benefits.

11.    Plaintiff's Allstate Policy contains a $250,000 policy limit for underinsured motorist coverage.  (**Exhibit A (Complaint)**, ¶ 8).

12.    Allstate has already paid Plaintiff $150,000 towards his underinsured motorist claim.   (**Exhibit A (Complaint)**, ¶¶ 16, 17).

13.    Plaintiff maintains that he is entitled to "full payment of the $250,000 Policy limit." (**Exhibit A (Complaint)**, ¶ 19).

14.    In addition to the $100,000 Plaintiff seeks in remaining policy benefits, Plaintiff seeks recovery of general and other monetary damages, including consequential and incidental damages, plus interest, costs of suit, attorneys' fees, and punitive damages.  (**Exhibit A (Complaint)**, ¶¶ 23, 29, and Prayer).

15.    Plaintiff's claim for attorneys' fees is included in determining the amount in controversy.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982). Assuming a 33% contingency fee arrangement with his former counsel, under *Brandt v. Superior Court*, 37 Cal.3d 813, 817-818 (1985), if Plaintiff prevails, he would be entitled to recover 33% of the $150,000 in policy benefits he claims Allstate wrongfully delayed paying, or $50,000.  (**Exhibit A (Complaint)**, ¶¶ 16, 17).

16.    Punitive damages, which Plaintiff expressly seeks, are also included in determining whether the amount in controversy requirement has been met.  *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995); *Physicians Health Plan v. Citizens Ins. Co.*, 673 F. Supp. 903, 910 (W.D. Mich. 1987).  At a conservative 2:1 ratio of alleged economic damages, Plaintiffs seek a minimum of $300,000 in punitive damages.

17.    In sum, this is a civil action wherein the matter in controversy far exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Thus, the Court has original jurisdiction under 28 U.S.C. Section 1332, and the action may be removed to this Court under 28 U.S.C. Section 1441(b).

## III.    ALLSTATE TIMELY REMOVED THIS MATTER

18.    The procedure for removal is outlined in 28 U.S.C. section 1446(b). This procedure requires removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." *Id.*  Pursuant to 28 U.S.C. section 1446(b)(3), a "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

19.    Plaintiff served the Complaint on Allstate on November 11, 2024. Allstate filed this Notice of Removal within the 30 days allowed under 28 U.S.C. section 1446(b)(3).

20.    Copies of all other documents filed in the state court action are attached as **Exhibit E** to the Declaration of Madalyn Macarr in Support of Allstate's Notice of Removal.  (Macarr Decl., ¶ 7).

**WHEREFORE**, Allstate prays that the state court action now pending against it in the Superior Court of the State of California for the County of Kern be removed to this United States District Court for the Eastern District of California.

1  Dated:  December 10, 2024    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3                                                    By    _____
                                                                    *Madalyn Macarr*
4                                                                    PETER H. KLEE
                                                                    MADALYN MACARR
5

6                                                    Attorneys for Defendant Allstate Northbrook
                                                    Indemnity Company (erroneously sued as
7                                                    Allstate Insurance Company)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   PETER H. KLEE, Cal. Bar No. 111707
3   501 West Broadway, 18th Floor
   San Diego, California 92101-3598
4   Telephone:  619.338.6500
   Facsimile:   619.234.3815
5   E mail       pklee@sheppardmullin.com

6   MADALYN A. MACARR, Cal. Bar No. 301539
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
7   350 South Grand Avenue, 40th Floor
   Los Angeles, California 90071-3460
8   Telephone:  213.620.1780
   Facsimile:   213.620.1398
9   E-mail       mmacarr@sheppardmullin.com

10  Attorneys for Defendant Allstate Northbrook
   Indemnity Company (erroneously sued as
11  Allstate Insurance Company)

12

13             UNITED STATES DISTRICT COURT

14          EASTERN DISTRICT OF CALIFORNIA

15

16  MICHAEL FANOUS, an individual,      Case No.

17         Plaintiff(s),          **DECLARATION OF SERVICE**

18       v.

19  ALLSTATE INSURANCE       [State Complaint Filed:
   COMPANY, and Does 1 through 10,  October 24, 2024]
20  inclusive,

21         Defendant(s).

22

23       I, the undersigned, declare under penalty of perjury that I am, and was at the

24  time of service of the papers herein referred to, over the age of eighteen years and not

25  a party to the action; and I am employed in the County of Los Angeles, State of

26  California, in which county the within-mentioned service occurred.  My business

27  address is 350 S. Grand Avenue, 40th Floor, Los Angeles, California 90071.

28       On December 10, 2024, I served a copy of the following document(s):

-1-

1.  **DEFENDANT ALLSTATE NORTHBROOK INDEMNITY COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)**

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from rgordon@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  The document(s) were transmitted and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Michael Fanous                         ***Plaintiff in Pro Per***
2515 Parkgate Street
Bakersfield, CA 93311           Telephone:  (661) 817-4487
                                               E-mail:     msf_esq@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 10, 2024, at Los Angeles, California.

_____
Regina Gordon

-2-

SMRH:4934-6231-0661.1                                              PROOF OF SERVICE