1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL FANOUS, an individual, | No. 1:24-CV-01505-KES-CDB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION PENDING COMPLETION OF ARBITRATION |
| v. | |
| ALLSTATE INSURANCE COMPANY, and DOES 1 through 10, | Doc. 5 |
| Defendants. | |

Before the Court is defendant Allstate Insurance Company's ("Allstate") unopposed motion to compel arbitration. Doc. 5 ("MTCA"). For the reasons set forth herein, defendant's motion is granted and the action is stayed pending completion of arbitration.

**I.    Background**

On October 24, 2024, plaintiff Michael Fanous ("Fanous") brought this action against Allstate in Kern County Superior Court, alleging 1) breach of insurance contract, 2) breach of good faith and fair dealing, and 3) fraudulent misrepresentation. Doc. 1-4 ("Compl."). The complaint alleged the following facts. On or about December 17, 2016, Fanous was driving and

was negligently struck by an under-insured motorist, resulting in multiple physical injuries to Fanous. *Id.* ¶ 9. At all relevant times, Fanous was insured by Allstate for motor vehicle coverage. *Id.* ¶ 8. Upon determination that an under-insured motorist struck Fanous, Fanous elected to recover from the under-insured motorist coverage provided by his insurance policy. *Id.* ¶ 14. Following a three-year claims process involving the at-fault driver's insurer, Allstate offered Fanous $2,500 pursuant to his under-insured motorist coverage. *Id.* ¶ 15.

Allstate's motion to compel arbitration provides the following additional procedural history. After Fanous declined the initial offer of $2,500, Fanous sent Allstate a demand for arbitration in February 2021. MTCA at 6. Following discovery and related activities in preparation for arbitration, Allstate reevaluated the claim. *Id.* On October 19, 2023, before the commencement of arbitration, scheduled for November 15, 2023, Allstate increased its offer to Fanous to $150,000. Compl. ¶ 16, MTCA at 6. Fanous accepted this sum as partial resolution of the claim, the parties took the arbitration off calendar, and Allstate sent Fanous a release. *Id.* ¶ 16, MTCA at 7. Unbeknownst to Allstate, Fanous struck the language from the release agreement that would have forever released Allstate from all liability arising out of the December 2016 incident. MTCA at 7. Instead, Fanous filed the instant action, alleging that Allstate failed to adequately consider his claim and committed "actionable fraud" against Fanous to conceal the potential benefits of his policy. Compl. at 8–10. Fanous seeks both compensatory and punitive damages as relief. *Id.* ¶ 36.

Allstate was served with a copy of the complaint on November 11, 2024, and Allstate timely removed the action to this Court on December 10, 2024. Doc. 1. On January 24, 2025, Allstate filed a motion to compel arbitration and stay this action pending completion of arbitration. Doc. 5 ("MTCA"). Fanous did not file an opposition. The Court took the motion under submission on February 21, 2025. Doc. 9.

## II.    Legal Standard

California Insurance Code § 11580.2(f) requires that an under-insured motorist ("UIM") insurance policy "shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement

between the insured and the insurer or, *in the event of disagreement*, by arbitration." Cal. Ins. Code § 11580.2(f) (emphasis added).[1]

The Federal Arbitration Act ("FAA") "makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649–50 (2022) (quoting 9 U.S.C. § 2). "As [the Supreme Court has] interpreted it, [section 2 of the FAA] contains two clauses: An enforcement mandate, which renders agreements to arbitrate enforceable as a matter of federal law, and a saving clause, which permits invalidation of arbitration clauses on grounds applicable to 'any contract.'" *Id.* at 650 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339–340 (2011)).

A party seeking to enforce an arbitration agreement may petition the court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. In ruling on a motion to compel arbitration, a court's role is "limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

**III.    Discussion**

Because Fanous has not opposed Allstate's motion, the Court will consider the facts as set forth in Fanous' complaint and Allstate's motion. Allstate argues that both California law and Fanous' Allstate policy require Fanous to arbitrate his dispute over the value of his UIM claim. MTCA at 7. Allstate cites to California Insurance Code § 11580.2(f), which mandates arbitration

---

[1] Arbitration pursuant to "Insurance Code section 11580.2 is a form of contractual arbitration governed by the [California Arbitration Act]." *Pilimai v. Farmers Ins. Exchange Co.*, 45 Cal. Rptr. 3d 760, 765 (Cal. 2006). The California Arbitration Act ("CAA") provides that "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." Cal. Code Civ. Proc. § 1281.

1  of UIM claims, and Allstate's policy, which requires such arbitration, in accordance with state

2  law. A subsection of Allstate's policy, titled "If We Cannot Agree," provides that "[i]f you and

3  we disagree on your right to receive any damages or on the amount, then upon the written request

4  of either party, the disagreement will be settled by a single neutral arbitrator." Doc. 5–2 ("Grillo

5  Decl.") at 40 (emphasis omitted).

6      Fanous alleges there is a disagreement with Allstate over the amount of UIM benefits he is

7  entitled to receive. Compl. ¶¶ 16–19, 23. Such a dispute falls squarely within the purview of the

8  arbitration provision mandated by both California Insurance Code § 11580.2(f) and Allstate

9  policy. Courts have routinely held that similar disputes must be arbitrated. *See Fanucci v.*

10 *Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) ("[C]ompletion of the [UIM]

11 arbitration was, in effect, mandatory before [plaintiff] could file this suit."); *Tornai v. CSAA Ins.*

12 *Exch.*, 317 Cal. Rptr. 3d 26, 34–35 (Cal. Ct. App. 2023) (holding that insured's claim for UIM

13 benefits was subject to arbitration, notwithstanding insured's pending claim against insurer for

14 bad faith); *McIsaac v. Foremost Ins. Co. Grand Rapids, Mich.*, 278 Cal. Rptr. 3d 785, 789 (Cal.

15 Ct. App. 2021) (enforcing order compelling arbitration as insurer "filed a petition to compel

16 arbitration supported by a declaration, showing that the parties had a written agreement to

17 arbitrate the amount of UIM damages and were unable to reach an agreement.").

18     Both the CAA and FAA require that, upon a motion to compel arbitration of such an

19 arbitrable issue, "a court must order the parties to resolve that issue through arbitration." *Sekera*

20 *v. Allstate Ins. Co.*, EDCV 14-1162-JGB (DTBx), 2014 WL 12577163, at *3 (C.D. Cal. Oct. 30.

21 2014) (citing 9 U.S.C. § 4; Cal. Code Civ. Proc. § 1281.2). Accordingly, Allstate and Fanous are

22 required to arbitrate whether Fanous is entitled to compensation for his UIM claim, and, if so, the

23 amount to which Fanous is entitled. *See id.*

24     Allstate also argues that Fanous' action in this Court should be stayed pending completion

25 of the arbitration of the UIM claim. The FAA requires such a stay. "When a district court finds

26 that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of

27 the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024);

28

1    9 U.S.C. § 3.[2]

2    **IV.    Conclusion and Order**

3        Accordingly, the Court ORDERS:

4        1.   Allstate's motion to compel arbitration, Doc. 5, is GRANTED;

5        2.   This action is stayed pending arbitration proceedings; and

6        3.   Within fourteen (14) days of the issuance of the arbitrator's decision, the parties shall

7             notify the Court that arbitration proceedings have concluded.

8

9

10   IT IS SO ORDERED.

11       Dated:    March 3, 2025

12                                                 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

[2] The CAA similarly provides that "[i]f an application has been made . . . to arbitrate a

27   controversy . . . the court in which such action or proceeding is pending shall, upon motion of a
     party to such action or proceeding, stay the action or proceeding . . . until an arbitration is had."

28   Cal. Code Civ. Proc. § 1281.4.